UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARKO DJURIC,

    Plaintiff,

V.

S & S FREIGHT LOGISTICS, CORP and
SENAD BOSNIC,
individually; and SANEL HODZIC,
individually,

    Defendants.

## COMPLAINT AT LAW

Plaintiff, Marko Djuric, by and through his attorneys, Cotler Law LLC, for his Complaint at Law against Defendants S & S Freight Logistics, Corp., Senad Bosnic and Sanel Hodzic individually, states as follows:

### NATURE OF ACTION

1. Plaintiff brings this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"). Specifically, Defendants violated the FLSA and IMWL by failing to pay Plaintiff one and one- half times his regular rate of pay ("overtime") for hours worked in excess of forty (40) per individual workweek.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Illinois, at Defendants' facility located in Chicago, Cook County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Defendant S & S Freight Logistics, Corp. ("S & S") is an Illinois corporation that provides logistics services. Its principal place of business is located at 3801 W. 44th Street, Chicago, Illinois.

5. Defendant Senad Bosnic ("Bosnic") is the Secretary and co-owner of S & S. Throughout the statutory period, Defendant Bosnic had the authority to, and did, hire and fire employees of S & S; direct and supervise the work of S & S employees; sign on S & S checking accounts; and make or participate in decisions regarding employee compensation.

6. Defendant Sanel Hodzic ("Hodzic") is the President and co-owner of S & S. Throughout the statutory period, Defendant Hodzic had the authority to, and did, hire and fire employees of S & S; direct and supervise the work of S & S employees; sign on the S & S checking accounts; and make or participate in decisions regarding employee compensation.

7. Plaintiff, Marko Djuric ("Djuric"), resides in Chicago, Illinois and was formerly employed by Defendants during the period of July 24, 2017, through June 18, 2021.

8. Throughout the statutory period, Plaintiff was an "employee" of Defendants

S & S, Bosnic and Hodzic as defined by the FLSA.

9. Throughout the statutory period, Plaintiff was an "employee" of Defendants S & S, Bosnic and Hodzic as defined by the IMWL.

10. Throughout the course of his employment, Plaintiff was not exempt from the maximum hours provisions of the FLSA, 29 U.S.C. §207.

11. Throughout the course of his employment, Plaintiff was not exempt from the maximum hours provisions of the IMWL, 820 ILCS 105/4a.

## FACTUAL ALLEGATIONS

12. Defendants S & S, Boznic and Hodzic employed Djuric to perform dispatch, scheduling, and lead generation during the statutory period of July 26, 2018 through June 18, 2021.

13. Djuric worked at the S & S facility in Chicago, Illinois.

14. As a dispatcher, Djuric was primarily responsible for dispatching, scheduling and coordinating pick-ups and deliveries, answering and initiating phone calls, interfacing with S & S's trucking vendors, and marketing services and securing leads on behalf of S & S.

15. From July 26, 2018 through June 18, 2021, Djuric was paid a weekly salary of $1,500 which is equivalent to an hourly rate of $37.50 per hour.

16. Defendants did not track Djuric's hours worked each week. However, Defendants required Djuric to be present in the office for a minimum of 10 hours each day for calendar years 2018, 2019 and 2020 and a minimum of 9 hours each day for calendar year 2021.

17. In addition to time spend in the office, Djuric was required to carry a cell phone

and answer calls and emails after business hours, often starting as early as 3:00 a.m. and ending as late as 10:00 p.m.

18. From July 26, 2018 through the end of his employment, Djuric regularly and frequently worked more than forty (40) hours per individual workweek.

19. Throughout the statutory period, Plaintiff typically worked an average of 57.5 hours per workweek.

20. Plaintiff was entitled to be compensated at an overtime rate for all hours worked in excess of forty (40) per week.

21. Defendants did not compensate Plaintiff at the overtime rate of pay equal to one and one-half times his regular rate of $37.50 per hour for all time worked in excess of forty (40) hours in individual workweeks.

22. From July 26, 2018 through June 18, 2021, Djuric was issued one paycheck per pay week. Throughout this period, Defendants paid Djuric the same $1,500 weekly salary regardless of how many hours he worked in excess of 40 hours per individual workweek.

23. From July 26, 2018, through June 18, 2021, Defendants classified Djuric as an alleged Independent Contractor and did not withhold payroll taxes from his paycheck.

24. Throughout the statutory period, Djuric was improperly classified as an independent contractor.

25. Based on Djuric's job duties and responsibilities, and the control exercised by S & S over Djuric's job duties, Djuric should have properly been classified as a W-2 employee.

26. Amongst other things, S & S required Djuric to perform services for S & S on S

& S's premises on a set schedule, gave Djuric a uniform to wear, provided Djuric with equipment including a computer terminal and internet connectivity which were needed to perform his job duties, required that Djuric seek permission in advance to take time off, and paid Djuric an annual allotment of vacation days.

27. Djuric is currently, and was at all times during the statutory period, a co-owner of a trucking company by the name of MDTV.

28. MDTV was a vendor to S & S in that MDTV leased trucks to S & S for which S & S paid a monthly fee.

29. Defendant Bosnic required that Djuric not perform any work on behalf of MDTV during S & S business hours but rather devote his full time and attention to the business needs of S & S.

30. Up until September 2020, S & S paid a $1,500 weekly check to Djuric for his work performed on behalf of S & S, and paid a separate check to MDTV for the leasing fees for S & S's use of MDTV's trucks.

31. After September 2020, S & S began combining the money it paid to Djuric for work performed on behalf of S & S with the money it paid to MDTV for MDTV's leasing services by issuing a combined check.

32. Despite combining the paycheck for Djuric's wages with the leasing fees for MDTV's trucking services, at no time during the statutory period did Defendants pay Djuric his overtime rate of pay for the hours he worked in excess of 40 hours per individual workweek.

33. Defendants failed to compensate Plaintiff at an overtime rate of pay for all

time worked in excess of forty (40) hours in any individual workweek.

34. Defendants were aware of their obligation to pay employees overtime and intentionally chose not to pay Plaintiff accordingly.

35. Defendants acted in bad faith in failing to properly compensate Plaintiff for the work he performed.

### COUNT I - FAIR LABOR STANDARDS ACT- OVERTIME

36. Plaintiff restates and incorporates Paragraphs 1 through 35 as though fully set forth herein.

37. At all times relevant within the statutory period, S & S has been an "employer" as defined in the FLSA. 29 U.S.C. § 203, *et seq.*

38. At all times relevant within the statutory period, Defendant Bosnic has been an "employer" as defined in the FLSA. 29 U.S.C. § 203, *et seq.*

39. At all times relevant within the statutory period, Defendant Hodzic has been an "employer" as defined in the FLSA. 29 U.S.C. § 203, *et seq.*

40. At all times relevant within the statutory period, Plaintiff Djuric was employed by S & S as an "employee" within the meaning of the FLSA. 29 U.S.C. § 203, *et seq.*

41. At all times relevant within the statutory period, Plaintiff was employed by Defendant Bosnic as an "employee" within the meaning of the FLSA. 29 U.S.C. § 203, *et seq.*

42. At all times relevant within the statutory period, Plaintiff was employed by Defendant Hodzic as an "employee" within the meaning of the FLSA. 29 U.S.C. § 203, *et*

*seq.*

43. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.,* for their failure to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek.

44. Plaintiff was entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

45. Defendants failed to pay Plaintiffs at the overtime rate for all hours worked over forty (40) in a workweek.

46. Defendants' failure to pay compensation to Plaintiffs at the applicable overtime rate for hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

47. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their compensation policy and methods of payment utilized to combine the payment to Plaintiff for his hours worked on behalf of S & S with the lease payments made to his company MDTV. Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiff, Marko Djuric, respectfully requests that this Court enter an order as follows:

 a) Awarding judgment for all unpaid back pay, including overtime, equal for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

 b) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 2l 6(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

e) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.;* and

f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II - ILLINOIS MINIMUM WAGE LAW - OVERTIME

57. Plaintiff restates and incorporates Paragraphs 1 through 35 as though fully set forth herein.

58. The matters set forth in this Count arise from Defendants' violations of the IMWL for their failure to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek.

59. At all times relevant within the statutory period, S & S has been an "employer" as defined in the IMWL. 820 ILCS 105/3(c).

60. At all times relevant within the statutory period, Defendant Bosnic has been an "employer" as defined in the IMWL. 820 ILCS 105/3(c).

61. At all times relevant within the statutory period, Defendant Hodzic has been an "employer" as defined in the IMWL. 820 ILCS 105/3(c).

62. At all times relevant within the statutory period, Plaintiff was employed by Defendant S & S as an "employee" within the meaning of the IMWL. 820 ILCS 105/1, *et seq.*

63. At all times relevant within the statutory period, Plaintiff was employed by Defendant Bosnic as an "employee" within the meaning of the IMWL. 820 ILCS 105/1, *et*

*seq.*

64. At all times relevant within the statutory period, Plaintiff was employed by Hodzic as an "employee" within the meaning of the IMWL. 820 ILCS 105/1, *et seq.*

65. Pursuant to the IMWL, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at the overtime rate.

66. Plaintiff regularly worked in excess of forty (40) hours per workweek.

67. Defendants violated the IMWL by failing to compensate Plaintiff at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

68. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of treble the underpayment of wages plus interest at a rate of five percent (5%) per month of the amount of underpayments, plus attorney's fees.

WHEREFORE, Plaintiff, Marko Djuric, respectfully requests that this Court enter an order as follows:

a) Awarding judgment in the amount of all unpaid back pay owed to Plaintiff pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 ILCS 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

RESPECTFULLY SUBMITTED,

Cotler Law LLC

By: *Marcia Cotler*

Cotler Law LLC
Attorneys for Plaintiff Marko Djuric
5 Revere Drive Suite 200
Northbrook, Illinois 60062
Phone: (847) 498-6040
Attorney No. 6201178